UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMON DOMINGUEZ,                                :
                                                :
                        Petitioner,             :
                                                :     09 Civ. 5757 (RMB) (MHD)
        -against-                               :
                                                :     **DECISION & ORDER**
UNITED STATES OF AMERICA,                       :
                                                :
                        Respondent.             :
                                                :
------------------------------------------------------------X

I.      **Background**

On or about June 24, 2009, Ramon Dominguez ("Dominguez" or "Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") seeking to vacate, set aside, or correct the sentence imposed by this Court on March 17, 2007 of 130 months' incarceration followed by five years of supervised release. (See Pet., dated May 19, 2009; Judgment against Dominguez [#59] No. 05 Cr. 975, dated Mar. 14, 2007, at 2.) Petitioner's sentence was imposed after the jury delivered a guilty verdict for conspiring to distribute, or to possess with intent to distribute, cocaine in violation of 21 U.S.C. § 846. (See Trial Tr., dated June 19, 2006 ("Trial Tr."), at 360:11-15.) On June 2, 2008, the Court of Appeals affirmed in an unpublished decision. See United States v. Dominguez, 280 F. App'x 81 (2d Cir. 2008).

Petitioner appears to allege, among other things, that he received ineffective assistance of counsel because his attorney allegedly (1) "failed to object" to the introduction of wiretap recordings of Petitioner at trial; (2) "refused to . . . object[] [to allegedly] inadmissible evidence [introduced] by the [G]overnment"; and (3) failed to raise Petitioner's ineffective assistance of trial counsel claim on appeal. (Pet. at 16, 21, 29.)

On August 14, 2009, the Government filed an opposition, arguing, among other things, that (1) Petitioner's counsel "moved to exclude the consensually-recorded meetings [on] the first day of trial"; (2) "the Second Circuit rejected [Petitioner's evidentiary] argument on direct appeal"; and (3) Petitioner "failed to show any professionally unreasonable conduct by [Petitioner's counsel at trial]."  (Opp'n to Pet. for Writ of Habeas Corpus, dated Aug. 6, 2009 ("Opp'n"), at 12, 16–17.)

On or about September 14, 2009, Petitioner filed a reply raising new challenges.  (Reply to Gov't's Resp. to the Writ of Habeas Corpus, dated Sep. 14, 2009 ("Reply").)

On February 23, 2011, United States Magistrate Judge Michael H. Dolinger, to whom the matter had been referred, issued a thorough report and recommendation ("Report") recommending that the Petition be denied because, among other reasons (1) Petitioner's counsel "adequately pursued the . . . objection to the introduction of [Petitioner's recorded conversations] . . . throughout the trial"; (2) the Second Circuit held on Petitioner's appeal that the evidence introduced by the prosecutor to rebut the entrapment defense was admissible; and (3) "the trial record offers no basis for deeming counsel's trial-level performance constitutionally inadequate."  (Report, dated Feb. 23, 2011, at 15, 17–18.)  Judge Dolinger also recommended that Petitioner's new challenges, included in his Reply, be rejected, because, among other reasons, they are not "properly presented."  (Report at 20–23.)

The Report instructed the parties that they had "fourteen (14) days from this date to file written objections."  (Report at 24.)  To date, Petitioner has not filed any objections to the Report.

**For the reasons stated below, the Report is adopted in its entirety and the Petition is dismissed.**

2

**II.     Standard of Review**

"In reviewing a [r]eport and [r]ecommendation, a district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See Young v. U.S., No. 07 Civ. 10411, 2010 WL 54757, at *1 (S.D.N.Y. Jan. 6, 2010) (internal quotation marks omitted); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "Where a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." Berger v. Comm'r of Corr. Servs., No. 09 Civ. 8707, 2010 WL 4118097, at *1 (S.D.N.Y. Oct. 19, 2010) (internal quotation marks omitted); see also Thomas v. Arn, 474 U.S. 140, 149 (1985).

"A court must read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." King v. Cunningham, 442 F. Supp. 2d 171, 176 n.7 (S.D.N.Y. 2006).

**III.    Analysis**

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a review of the record, including, among other things, the Report, the Petition, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Dolinger are not clearly erroneous and, in fact, are supported by the record and the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

**(1)     Recorded Conversations**

Judge Dolinger concluded that Petitioner's counsel adequately objected to the introduction of Petitioner's recorded conversations when he, among other things, "sought suppression of the tapes and transcripts . . . before jury selection," "moved for mistrial after the

3

prosecutor, in his opening statement, referred to the contents of the tapes," "continued to object to the introduction of the tapes and transcripts and to testimony concerning their contents," and "moved for [relief under] Rule 29 [of the Federal Rules of Criminal Procedure] . . . based in part on the trial court's admission of the [recordings]."  (Report at 14–15; Trial Tr. at 25–27, 29–37, 46, 48, 55, 58–59, 72); see  Hartley v. Senkowski, No. 90 Civ. 395, 1992 WL 58766, at *2 (E.D.N.Y. Mar. 18, 1992); 18 U.S.C. § 2511(c)(2).

    **(2)**     **Government's Evidence**

Judge Dolinger concluded that "the Second Circuit held on . . . appeal that the evidence was sufficient to demonstrate both guilt, and–of particular relevance here–[Petitioner's] predisposition to commit the crime, and further held that the evidence introduced by the prosecutor to rebut the defense, including testimony concerning his statements of past involvement in violent crimes, was admissible."  (Report at 17); see Dominguez, 280 F. App'x 81, 82 ("In view of the burden that a sufficiency challenge must bear, the clear evidence of Dominguez's conspiring with non-government agents and his predisposition to commit the crime, we have little difficulty in concluding that at least one rational trier of fact could have found that Dominguez was guilty of the charge.") (citation omitted); Morse v. U.S., No. 97 Civ. 27, 1997 WL 405195, at *2 (N.D.N.Y. July 15, 1997).

    **(3)**     **Trial Counsel Claim**

Judge Dolinger concluded Petitioner's appellate counsel was not ineffective for failing to raise an ineffective assistance of trial counsel claim because, among other reasons, "trial evidence of guilt was overwhelming, and nothing that counsel might have done differently would have likely influenced the result."  (Report at 18–19); see also Yick Man Mui v. United States, 614 F.3d 50, 57 (2d Cir. 2010).

Petitioner has waived any arguments not raised in his Petition. See Castillo v. United States, No. 07 Civ. 2976, 2010 WL 3912788, at *3 (S.D.N.Y. Sept. 8, 2010).

### IV. Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

### V. Conclusion

For the reasons stated herein and therein, the Report [#6] is adopted in its entirety and the Petition [#1] is denied. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
March 17, 2011

*[signature: RMB]*

RICHARD M. BERMAN, U.S.D.J.

5